993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gale Rae SHIRLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-56408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided May 14, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Gale Rae Shirley appeals from the district court's order dismissing as time barred her wrongful death and medical malpractice action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 DISCUSSION
 
 3
 Section 2401(b) of the Federal Tort Claims Act requires that a plaintiff file an administrative claim with the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). A claim accrues within the meaning of § 2401(b) when the plaintiff knows, or in the exercise of reasonable diligence should have discovered, both the existence and the cause of her injury. United States v. Kubrick, 444 U.S. 111 (1979); Davis v. United States, 642 F.2d 328, 331 (9th Cir.1981), cert. denied, 455 U.S. 919 (1982).
 
 
 4
 It is undisputed that two-and-one-half years prior to the filing of her administrative claim, Shirley knew of her son's death, the physical cause of his death--asthma--, and that the death occurred while he was being treated for asthma in the hospital. Moreover, it is common knowledge that asthma is not a common cause of death. In these circumstances, she was on sufficient notice of the possibility of the causal connection between the treatment and the death that she should, in the exercise of reasonable diligence, have inquired into the cause of the death. Under these circumstances, her claim accrued at the time of death.
 
 
 5
 Shirley argues that the FTCA's two-year statute of limitations does not begin to run until a plaintiff has "knowledge of human participation ... in the cause of the injury." Blue at 9. We reject the argument. Shirley apparently asks us to overrule our decisions in Outman v. United States, 890 F.2d 1050, 1052 (9th Cir.1989), and Herrera-Diaz v. U.S. Dept. of Navy, 845 F.2d 1534, 1537 (9th Cir.), cert. denied, 488 U.S. 924 (1988). We lack the authority to do so. See Clow v. U.S. Dept. of Housing and Urban Dev., 948 F.2d 614, 616 n. 2 (9th Cir.1991). Shirley's action is time barred. Judge Farris concurs only in the result.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3